UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LUIS ALFREDO VAZQUEZ, individually and on behalf of all those similarly situated,

Plaintiff,

v.

CORALREEF PRODUCTIONS, INC.,

Defendant.

Case No. 1:26-cv-06842-JLT-CDB

ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO SERVE DEFENDANT BY ALTERNATE SERVICE WITHOUT PREJUDICE

ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION TO EXTEND TIME FOR SERVICE OF PROCESS UNDER FED. R. CIV. P. 4(m)

(Doc. 5)

ORDER VACATING NOVEMBER 24, 2026, SCHEDULING CONFERENCE

(Doc. 2)

**January 25, 2027, Deadline**

Plaintiff Luis Alfredo Vazquez ("Plaintiff") initiated this action by filing a class action complaint against Defendant Coralreef Productions, Inc., doing business as Nine9 ("Defendant"), on August 26, 2026, seeking injunctive relief under the Telephone Consumer Protection Act of 1991 ("TCPA"). (Doc. 1). Plaintiff filed summons returned unexecuted on October 26, 2026, noting service attempts on Defendant were unsuccessful. (Doc. 4). A scheduling conference is set for November 24, 2026, which

also is the deadline by which Plaintiff must serve defendant under Rule 4 of the Federal Rules of Civil Procedure. *See* (Doc. 2); Fed. R. Civ. P. 4(m).

Pending before the Court is Plaintiff's *ex parte* motion for (1) leave to serve Defendant by alternate service under Federal Rules of Civil Procedure 4(e)(1), 4(h)(1)(A), and 4(m) and California Code of Civil Procedure section 413.30, and (2) to extend time to complete service under Rule 4(m) by 60 days. (Doc. 5). In support of the motion, Plaintiff asserts that despite diligent efforts to locate and personally serve Defendant, including attempts to personally serve Defendant "through its president, director, and registered agent, Anthony Toma, at every address reasonably known to Plaintiff," his efforts have been unsuccessful. *Id.* at 2. Plaintiff asserts that his three service attempts have failed because "Defendant's listed addresses are a commercial mail drop, a former business location now occupied by an unrelated retailer, and a residence Mr. Toma has vacated" following a divorce. *Id.* at 2-3. Counsel for Plaintiff declares that he believes Defendant cannot be personally served with reasonable diligence and that "service by mail to its known addresses, by registered mail to the Michigan Department of Licensing and Regulatory Affairs, and by email to A@nine9.com, billing@nine9.com, info@nine9.com, contact@nine9.com and evan@nine9.com is reasonably calculated to give Coralreef actual notice of this action." (Doc. 5-1, Declaration of Gerald D. Lane, Jr. ("Lane Decl.") ¶ 7). Plaintiff requests the Court authorize service on Defendant by these alternative methods of service and deem service complete ten (10) days after mailing and transmission of e-mail service, and extend the time for Plaintiff to serve Defendant by 60 days. (Doc. 5 at 6).

**<u>Governing Authority</u>**

"A federal court does not have jurisdiction over a defendant unless the defendant has been properly served." *See* Fed. R. Civ. P. 4; *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* (quoting *UFCW, Locals 197 & 373 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). However, "without substantial compliance with Rule 4, 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.* (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).

Under the Federal Rules of Civil Procedure, a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant" or "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A) & (B). Under Rule 4(e)(1), proper service can be made by "following state law for serving a summons in action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

California law provides for alternative service where a plaintiff is unable to effect service despite exercising reasonable diligence. Under Cal. Civ. Proc. § 413.30, "if a plaintiff, despite exercising reasonable diligence, has been unable to effect service of the summons by any of the methods authorized under this chapter, the court in which the action is pending may, upon motion, direct that summons be served in a manner that is reasonably calculated to give actual notice to the party to be served, including by electronic mail or other electronic technology, and that proof of such service be made as prescribed by the court." Cal. Civ. Proc. § 413.30(a)(1). In support of a request to authorize alternative service, the moving party must "set forth facts detailing all attempts to serve the defendant by each of the methods prescribed by statute, including facts demonstrating why each method was unsuccessful at every address or location where the defendant is likely to be found." *Id.* § 413.30(a)(2). "The term 'reasonable diligence' ... denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Pro-Troll v. Cronk*, No. 25-cv-06039-PHK, 2026 WL 479972, at *3 (N.D. Cal. Feb. 20, 2026) (quoting *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (Cal. 1995)).

"'Personal service remains the method of choice under the statutes and the constitution,' and '[w]hen substituted or constructive service is attempted, strict compliance with the letter and spirit of the statutes is required.'" *Indian Hills Holdings, LLC v. Frye*, 337 F.R.D. 293, 299 (S.D. Cal. 2020).

///

///

///

**<u>Discussion</u>**

**A. Plaintiff Has Not Demonstrated Reasonable Diligence**

Plaintiff fails to carry his burden of demonstrating reasonable diligence under § 413.30(a)(2) to warrant his request for alternate service. Counsel for Plaintiff hired a process server that made three unsuccessful attempts at three identified addresses associated with Defendant and its registered agent, Anthony Toma. First, the process server attempted to serve Defendant through Mr. Toma on September 9, 2026, at the address registered to Defendant's business, 6632 Telegraph Road, #352, Bloomfield Hills, Morgan 48301, but was unsuccessful, finding that the address led to an unrelated commercial mail-receiving location. (Doc. 5 at 3). Second, the process server attempted to serve 106 S. Old Woodward Avenue, Suite A, Birmingham, Michigan 48009, but that location is now occupied by another unrelated retailer whose manager provided that "the prior occupant had moved out." *Id.* at 4. And third, the process server attempted to serve Mr. Toma at his residential address and learned Mr. Toma's ex-wife that "her divorce from Mr. Toma was finalized a few months earlier and that he had moved to an unknown location." *Id.* Counsel for Plaintiff declares that Defendant "cannot personally be served" despite "reasonable diligence." Lane Decl. ¶ 7.

Plaintiff's motion papers reflect that other reasonably available methods exist to attempt to locate and serve Defendant. First, Plaintiff seeks permission to serve Defendant via certified mail to a "business address of record" that counsel for Plaintiff located through public records (2653 Industrial Row, Troy, Michigan). However, Plaintiff fails to demonstrate that he has reasonably investigated this address, either through visiting the address or developing information about the address online, to establish (1) whether Defendant's registered agent, Mr. Toma, is located there or information about his location can be learned there, or (2) whether the address actually remains associated with Defendant. Second, Plaintiff's process server reported that Mr. Toma moved to an unknown location following a divorce that was finalized "a few months earlier." Notwithstanding this fact, Plaintiff does not demonstrate in his papers whether he has attempted to research information associated with the divorce proceedings, which commonly can be located online or at a county records office, that may assist locating Mr. Toma. Finally, Plaintiff does not demonstrate in his papers whether he has attempted other commonly accessed research methods to identify addresses of interest, *e.g.*, a skip-trace and database

search, Westlaw's People Search, or through social media. *E.g.*, *Pro-Troll*, 2026 WL 479972, at *4 ("Further, Plaintiff has not shown that it explored (much less exhausted) other ways to locate Mr. Cronk, that it made any additional attempts to gather more information regarding Mr. Cronk's whereabouts, or that it even tried to confirm Mr. Cronk's place of residence.") (citing cases).

Because other reasonably available methods exist to attempt to locate and serve Defendant, the Court finds that Plaintiff has not exercised reasonable diligence in his attempts to serve Defendant under Rules 4(e) and (h) to warrant authorization of alternate service under § 413.30.

**B. Most of the Proposed Methods are not Reasonably Calculated to Give Actual Notice**

Plaintiff seeks to effect service through certified mail upon Defendant through Mr. Toma at three traditional addresses and five email addresses. However, Plaintiff fails to demonstrate that most of these methods are reasonably calculated to give Defendant actual notice.[1]

Regarding the traditional addresses proposed, as set forth above, the Court has insufficient information before it about the present association between Defendant and the 2653 Industrial Row address. As for the proposed Virginia address (7777 Leesburg Pike, Suite 303S, Falls Church, Virginia), Plaintiff represents that Defendant's Virginia business registration was revoked approximately four years ago. As such, the Court cannot find that service directed to Defendant's former registered agent's address of record is reasonably calculated to give Defendant actual notice of this lawsuit.

As for the five proposed email addresses, counsel for Plaintiff attests that two of the email addresses are identified on Defendant's website as purportedly reflected in a webpage attached to counsel's declaration. Lane Decl. ¶ 4. However, no such exhibit is attached to the declaration. Moreover, no information is provided about the three other email addresses proposed for alternative service. Finally, the Court is unable to conclude that transmittals to the five identified email addresses is reasonably calculated to provide Defendant notice of this action because counsel for Plaintiff does not attest that any attempt has been made to communicate with the users of the email addresses—such as

[1] The address associated with Defendant's active entity status in Michigan (6632 Telegraph Road, #352, Bloomfield Hills, Michigan) is a UPS mailbox that may reasonably provide Defendant notice of this lawsuit—assuming mail directed to that address is not returned undeliverable.

through a test email—to confirm that the email addresses are actively in use. *E.g., Amazon.com, Inc. v. Does 1-20*, No. 2:26-cv-01276-LK, 2026 WL 3000907, at *3 (W.D. Wash. Oct. 6, 2026) (citing cases).

**C. Other Methods May Allow Service to be Reasonably Effected**

Alternative service also is inappropriate here "because plaintiff has failed to show that there are no other provisions which will allow service to be reasonably effected." *Hernandez v. Ballaj*, No. 2:23-cv-02965-DAD-SCR, 2024 WL 4267892, at *3 (E.D. Cal. Sept. 23, 2024) (citing *Federal Ins. Co. v. Caldera Medical, Inc.*, No. 2:15-cv-00393-SVW-PJW, 2015 WL 12655601, at *2–3 (C.D. Cal. Apr. 8, 2015)). Specifically, upon a showing of reasonable diligence, Cal. Civ. Proc. § 415.50(a) permits authorization for service by publication following the serving party's demonstration of reasonable diligence, and Cal. Corp. Code § 1702(a) permits authorization for service upon the California Secretary of State. *Id.*

**D. The Court Finds Good Cause to Extend Time to Complete Service**

Where a plaintiff fails to serve a defendant within 90 days after the complaint is filed, Rule 4(m) of Federal Rules of Civil Procedure requires the Court to dismiss the action or order that service be made within a specified time upon a showing by the plaintiff of "good cause" for the delay. *See In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

Notwithstanding Plaintiff's failure to show that he demonstrated reasonable diligence in attempting to locate and serve Defendant to warrant alternate service of Defendant, given Plaintiff's efforts and timely seeking of relief, the Court finds good cause to extend the time to complete service under Rule 4(m) by a period of 60 days (*i.e.*, from November 24, 2026, to January 25, 2027. *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

Accordingly, the Court will extend the deadline by which Plaintiff must serve Defendant and vacate the scheduling conference set for November 24, 2026, to be reset as necessary following service of Defendant.

**<u>Conclusion and Order</u>**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's *ex parte* motion for substitute service (Doc. 5) is DENIED without prejudice;

2. The scheduling conference set for November 24, 2026 (Doc. 2) is VACATED, to be reset as necessary following service of Defendant Coralreef Productions, Inc.; and
3. Pursuant to Fed. R. Civ. P. 4(m), no later than **January 25, 2027**, Plaintiff SHALL FILE summons returned executed as to Defendant Coralreef Productions, Inc. or, in the alternative, a timely and adequately supported request for leave to serve Defendant Coralreef Productions, Inc. via an alternative service method.

IT IS SO ORDERED.

Dated: **November 16, 2026**

UNITED STATES MAGISTRATE JUDGE